UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CIV 10-3004-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | GRANTING |
| IVERENE D. CROW EAGLE | * | SUMMARY JUDGMENT |
| and the ROSEBUD SIOUX TRIBE, | * | |
| | * | |
| Defendant. | * | |

On March 12, 2010, the United States of America filed its foreclosure complaint against

Defendants Iverene D. Crow Eagle ("Crow Eagle") and the Rosebud Sioux Tribe. Both

Defendants separately were served with a summons and complaint on April 19, 2010. Defendant

Rosebud Sioux Tribe has not answered the complaint. Defendant Crow Eagle answered the

complaint with a general denial, an assertion that the complaint failed to state a cause of action

upon which relief may be granted, and a prayer for relief that the Court "deny the relief requested

by the Plaintiff, reinstate the note, and allow your defendant to make payments on the same."

(Doc. 7).

On August 18, 2010, the United States filed its motion for summary judgment, together

with a statement of undisputed material facts, declaration, and brief. Under Local Rule 7.1(b),

the Defendants had 21 calendar days within which to respond. The Defendants did not respond

to the motion for summary judgment and did not file any motion to enlarge the time in which to

respond. On September 16, 2010, this Court entered an order noting the lack of a response to the

motion for summary judgment and giving until September 27, 2010, for any response to

Plaintiff's summary judgment papers. (Doc. 12).

The deadline of September 27, 2010, has passed without any response to the summary judgment papers. Under Local Rule 56.1(d), "[a]ll material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts." Because the Defendants have not responded to the motion for summary judgment or statement of material facts submitted in connection therewith, the Court, under the Local Rule, deems the statement of material facts to be admitted.

## I. Material Facts

On or about February 28, 2005, Crow Eagle, for value received, made, executed and delivered to Wells Fargo Home Mortgage, Inc., a promissory note in writing in the amount of $65,155.00 and bearing interest at 5.875%. (Doc. 11 at ¶ 1). As part of the security for the note, Crow Eagle made, executed and delivered to Wells Fargo Home Mortgage, Inc., a lease hold mortgage and signed a Section 184 rider dated February 28, 2005, which then was recorded in Land Title and Records of the Bureau of Indian Affairs ("BIA") as Document 345-63764. (Doc. 11 at ¶ 2). BIA approval was necessary because the leasehold interest secured by the mortgage is on land held in trust for the Rosebud Sioux Tribe. The leasehold mortgage was approved by the Secretary of the Interior on April 4, 2005, and recorded by the BIA on April 9, 2005. (Doc. 11 at ¶ 3).

The location of the leasehold interest secured by the mortgage is described as:

Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of the
Southwest Quarter (SW¼) of the Southeast Quarter (SE¼),
Section Nineteen (19), Township Thirty-Seven North (37N), Range
Thirty (30) West of the Sixth P.M., Todd County, South Dakota.

SMF 4. The lease agreement between Crow Eagle and the Rosebud Sioux Tribe is Lease No. 57283. (Doc. 11 at ¶ 5).

2

Wells Fargo Home Mortgage notified Crow Eagle on August 6, 2007, that failure to cure a $1,317.17 default and to bring the loan current within 30 days would result in acceleration of the debt. (Doc. 11 at ¶ 6). Crow Eagle failed to cure the default and bring the loan current. (Doc. 11 at ¶ 7). By letter dated October 17, 2007, the Rosebud Sioux Tribe was notified of Borrower's default and failed to exercise its right of first refusal. (Doc. 11 at ¶ 10).

On June 29, 2009, Wells Fargo Home Mortgage executed an Assignment of Mortgage to the Secretary of Housing and Urban Development ("HUD"). (Doc. 11 at ¶ 8). HUD, as guarantor, is the owner and holder of the promissory note and leasehold mortgage. (Id.). The Assignment was recorded by the BIA on July 1, 2009, as Doc. 345-73681. (Doc. 11 at ¶ 9).

There are no other liens or interests of record with the BIA on the leasehold interest at issue in this action. (Doc. 11 at ¶ 11). HUD has complied with all relevant requirements and conditions, including HUD statutes, rules, and regulations. (Doc. 11 at ¶ 13). The amount due as a result of the default was $61,548.16 as of July 21, 2010. (Doc. 11 at ¶ 12).

**II. Discussion**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper when the filings of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Rule 1 of the Federal Rules of Civil Procedure). When considering a motion for summary judgment, this Court is obliged to construe the "record in the light most favorable to the non-moving party . . . and . . . afford [the non-moving party] all reasonable inferences to be drawn

from that record." Davis v. Hall, 375 F.3d 703, 711 (8th Cir. 2004). A party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as provided otherwise in this Rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); Roeben v. BG Exelsior, Ltd., 545 F.3d 639, 642 (8th Cir. 2008).

This Court has jurisdiction over this case, because it is a proceeding commenced by the United States. 28 U.S.C. § 1345. In this action, the United States seeks to foreclose a loan made under the Housing and Community Development Act, 12 U.S.C. § 1715z-13a.

The Defendants have not resisted summary judgment. The Rosebud Sioux Tribe, despite being served, has not answered the complaint. Defendant Crow Eagle answered the complaint, with a defense that the complaint allegedly failed to state a claim, a general denial, and a prayer for relief seeking an opportunity to have the note "reinstated" to "allow your defendant to make payments on the same." The complaint states a claim on which relief may be granted. The attachments to the complaint and the statement of undisputed material facts establish that there was a valid promissory note, that payments have not been made on the promissory note, that the promissory note has been in default apparently since 2007, and that the amount due on the promissory note was $61,548.16 as of July 21, 2010. Therefore, it appears that the relief sought in the foreclosure complaint is appropriate.

**III. Conclusion**

For the reasons contained herein and based on Rule 56 of the Federal Rules of Civil Procedure, it is hereby

ORDERED as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. 8) is granted.

2. Under the terms of the mortgage, judgment hereby enters against Defendants jointly and severally in the amount of $61,548.16 as of July 21, 2010, plus prejudgment interest through the date of this judgment and post-judgment interest under 28 U.S.C. § 1961(a).

3. Plaintiff shall have and recover judgment of foreclosure upon the mortgaged premises set forth in the foreclosure complaint and legally described as:

> Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of the
> Southwest Quarter (SW¼) of the Southeast Quarter (SE¼),
> Section Nineteen (19), Township Thirty-Seven North (37N), Range
> Thirty (30) West of the Sixth P.M., Todd County, South Dakota.

4. Judgment against the foregoing leasehold interest in real property shall be in the amount of $61, 548.16 as of July 21, 2010, plus prejudgment interest through the date of this judgment and post-judgment interest thereafter under 28 U.S.C. § 1961(a).

5. The interest of the Defendants in the above-described property shall be foreclosed. Excluding any senior lienholders, the following persons and entities shall be barred and foreclosed of, and from, all rights, title and interest in said property: (a) all defendants, together with each and every person or entity claiming under them; (b) all persons claiming any lien or encumbrance of any kind or character upon, or against, the real estate, that is subsequent in time or priority, or both, to the lien created by Plaintiff's real estate mortgages; and (c) any and all persons claiming to have acquired any right, title, or interest in, and to the real property.

6. The leasehold interest in real property legally described as:

> Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of the
> Southwest Quarter (SW¼) of the Southeast Quarter (SE¼),
> Section Nineteen (19), Township Thirty-Seven North (37N), Range
> Thirty (30) West of the Sixth P.M., Todd County, South Dakota.

5

shall be sold at auction only to a member of the Rosebud Sioux Tribe, the Tribe, or the Tribal Housing Authority (Sicangu Wicoti Awanyakape Corp.), with the net proceeds applied to the judgment herein pursuant to regulation.

7. A decree of sale enter and, after advertising the property for sale in the manner required by law, the United States Marshal is directed to sell the herein described leasehold interest in real estate, in the manner provided by law for the selling of such property. Immediately after the Court issues an Order Confirming Sale, the United States Marshal shall forthwith execute and deliver a Marshal's Deed to the purchaser(s) subject to the Borrowers' right of redemption as provided by the mortgage and by SDCL 21-49-12, also known as the "One-Hundred Eighty Day Redemption Mortgage Act."

8. At the foreclosure sale, Plaintiff is allowed to bid the amount of the judgment debt, but is not required to bid any sum in excess of the judgment debt.

9. Defendants cooperate peacefully with the United States Marshal and any persons acting in concert with the Marshall during the sale process and shall peacefully deliver possession of the premises sold.

10. If any party seeks any different or other relief, they should present their request for further relief by motion, with a supporting brief.

11. Plaintiff shall be entitled to recover all taxable costs herein in the amount of $_____$, which are to be taxed by the Clerk of Court as provided by law.

Dated October 5, 2010.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE